| | | |
|---|---|---|
| AGUSTIN CRESPO RIVERA y JOSÉ ANTONIO CRESPO RIVERA<br><br>Demandantes-Peticionarios<br><br>V.<br><br>JUAN JOSÉ CRESPO RIVERA; JUAN JOSÉ CRESPO HILL<br><br>Demandados-Recurridos | KLCE202400897 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: FA2024CV00289(302)<br><br>Sobre: REMOCION DE ALBACEA; NULIDAD DE DISPOSICIÓN TESTAMENTARIA; DIVISIÓN DE COMUNIDAD HEREDITARIA |
| JUAN JOSÉ CRESPO RIVERA; ET ALS.<br><br>Demandantes-Recurridos<br><br>V.<br><br>AGUSTÍN CRESPO RIVERA; ET ALS.<br><br>Demandados- Peticionarios | | Civil Núm.: LU2024CV00057(302)<br><br>Sobre: NULIDAD DE DESTITUCIÓN, NOMBRAMIENTO Y ACEPTACIÓN DE CARGO DE FIDUCIARIO, NULIDAD DE ESCRITURA DE CESIÓN, NULIDAD DE ESCRITURA DE TERMINACIÓN DE FIDEICOMISO, REIVINDICACIÓN DE INMUEBLE Y DAÑOS Y PERJUICIO |
| JUAN JOSÉ CRESPO RIVERA; JUAN JOSÉ CRESPO HILL, FIDEICOMISO JCR-IRM-2<br><br>Demandantes-Recurridos<br><br>V.<br><br>AGUSTÍN CRESPO RIVERA; JOSÉ ANTONIO CRESPO RIVERA; ET ALS.<br><br>Demandados-Peticionarios | | Civil Núm.: FA2024CV00663 (302)<br><br>Sobre: NULIDAD DE NOMBRAMIENTO Y ACEPTACIÓN DE CARGO DE FIDUCIARIO; NULIDAD DE ESCRITURA DE TERMINACIÓN DE FIDEICOMISO; NULIDAD DE ESCRITURAS DE PERMUTA Y COMPRAVENTA; ACCIÓN DERIVATIVA Y REINDICACIÓN DE INMUEBLES; COBRO DE DINERO; DAÑOS Y PERJUICIOS |

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Número Identificador
SEN2024 _____

Brignoni Mártir, Juez Ponente

SENTENCIA

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

Comparecen Agustín Crespo Rivera y José Antonio Crespo Rivera (los peticionarios) y solicitan la revocación de la *Resolución* emitida y notificada el 8 de agosto de 2024, por el Tribunal de Primera Instancia, Sala de Fajardo (TPI o foro primario) en los casos consolidados con designación alfanumérica FA2024CV00289, **LU2024CV00057** y FA2024CV00663. Mediante la referida *Resolución* el foro primario declaró No Ha Lugar la moción intitulada, *Urgente Solicitud de Desestimación de Demanda por Falta de Jurisdicción de este Tribunal Por Cosa Juzgada* presentada por los peticionarios en el caso **LU2024CV00057** y concluyó que las sentencias previas emitidas en los casos FA2021CV00460 y SJ2023CV09039 no constituyen cosa juzgada. De igual forma, en la Resolución recurrida el foro primario declaró nulas la Escritura Número 92 de Cesión de Inmueble y la Escritura Número 8 de Terminación de Fideicomiso, por entender que la destitución del Fiduciario Juan José Crespo Hill, así como la designación del sustituto, Agustín Crespo Rivera, no fueron válidas toda vez que tenían que hacerse mediante escritura pública. En la Resolución recurrida, el TPI dispuso, además, que procede la reivindicación del título del bien inmueble identificado como finca 13,012 y ordenó la cancelación del asiento de inscripción registral correspondiente a la Escritura de Cesión de Inmueble que obra sobre la Finca 13,012 inscrita en el Registro de la Propiedad Sección 1 de Fajardo.

Por los fundamentos que expondremos a continuación expedimos el auto de *Certiorari* y modificamos la Resolución recurrida.

**I.**

Procedemos a exponer el tracto procesal pertinente que precede a la presentación del recurso de epígrafe.

Los casos consolidados ante el foro primario se relacionan con unos fideicomisos creados por Juan Crespo Ramos y su entonces esposa, Ivonne

Rivera Mujica antes del fallecimiento de ambos. Los peticionarios son hijos de los Fideicomitentes, Juan Crespo Ramos e Ivonne Rivera Mujica. Por su parte, Juan José Crespo Rivera y Juan José Crespo Hill (los recurridos) son hijo y nieto de Juan Crespo Ramos e Ivonne Rivera Mujica.

El 5 de abril de 2024, Juan José Crespo Rivera, Juan José Crespo Hill y CRCH Trust presentaron ante el foro primario Demanda sobre Nulidad de Destitución de Fiduciario, Nulidad de Nombramiento y Aceptación del Cargo de Fiduciario; Nulidad de Escritura de Cesión de Inmueble, Nulidad de Escritura de Terminación de Fideicomiso, Reivindicación de Inmueble y Daños y Perjuicios (**LU2024CV00057)**, en contra de Agustín Crespo Rivera, José Antonio Crespo Rivera, y los notarios, Ramón Bordelies y Maricelle Hernández.[1] En ajustada síntesis, alegaron en la Demanda que en el Fideicomiso CRCH Trust, constituído el 15 de noviembre de 2017 por Juan José Crespo Ramos y su entonces esposa, Ivonne Rivera Mujica, (Fideicomitentes) se designaron como beneficiarios o Fideicomisarios a Juan José Crespo Rivera y a su hijo, Juan José Crespo Hill (los Fideicomisarios, hijo y nieto de los Fideicomitentes); que en dicho Fideicomiso se estableció la forma y manera de llevarse a cabo la destitución y el nombramiento del sustituto; y que el 15 de noviembre de 2017, CRCH Trust adquirió a título de compraventa por la suma de $425,000.00 la Finca Núm. Dos (2) del Barrio Pitahaya en Luquillo, Finca Núm. 13,012, inscrita en la Sección 1 del Registro de la Propiedad de Fajardo. Alegaron, además, en la Demanda que el 23 de junio de 2021, la Fideicomitente, Ivonne Rivera Mujica, presentó acción civil (**FA2021CV00460**) en contra de su nieto, Juan José Crespo Hill, en la que solicitó su destitución como fiduciario de CRCH Trust, el retracto de la Finca núm. 13,012, la terminación del fideicomiso; la restitución de los bienes, así como daños y perjuicios. Esbozaron además en la Demanda que el 12 de abril de 2022, pendiente de adjudicación el caso FA2021CV00460, la Fideicomitente, Ivonne Rivera Mujica, envió misiva intitulada *Aviso de Terminación de Fiduciario y Designación de Nuevo*

---

[1] *Véase* páginas 402-418 del Apéndice del *Recurso de Certiorari*.

*Fiduciario del Fideicomiso CARCH* en la que destituyó a su nieto, Juan José Crespo Hill, de su cargo como fiduciario y nombró como sustituto a Agustín Crespo Rivera**,** quien a su vez, el 17 de noviembre de 2022, a nombre de CRCH Trust y en calidad de Fiduciario otorgó la Escritura Número 92 de Cesión de Inmueble ,autorizada por el Notario Ramón Bordelies Díaz en la que cedió el referido inmueble a favor Ivonne Rivera Mujica,[2] Juan José Crespo Rivera, y Juan José Crespo Hill afirmaron además, en la Demanda presentada en el caso LU2024CV00057 que el 26 de octubre de 2022, a solicitud de Agustín Crespo Rivera, como Fiduciario de CRCH Trust, la Notaria Maricelle Hernández Guerrero autorizó la Escritura Núm. 8 de Terminación de Fideicomiso. Añadió que el 7 de diciembre de 2022, pendiente de adjudicación la controversia referente a si procedía la destitución y nombramiento de un nuevo fiduciario, Ivonne Rivera Mujica desistió con perjuicio de la demanda presentada en contra de su nieto  Juan José Crespo Hill, en el caso FA2021CV00460, por lo que el 14 de diciembre de 2022 el foro primario emitió Sentencia de archivo en la que desestimó con perjuicio la Demanda presentada por esta, al amparo de la Regla 39.1 (b) de Procedimiento Civil.[3]

Sobre esos extremos, Juan José Crespo Rivera, y Juan José Crespo Hill arguyeron además, en la Demanda presentada en el caso LU2024CV00057 que dicha Sentencia de desestimación y archivo emitida en el caso **FA2021CV00460** constituye una adjudicación en los méritos de la controversia con Ivonne Rivera Mujica como única fideicomitente, dado el deceso del Sr. Juan José Crespo Ramos y en contra de las alegaciones Agustín Crespo Ramos quien figuraba como codemandante en la Segunda Demanda Enmendada en el caso FA2021CV00460.

Finalmente**,** los recurridos alegaron en la Demanda presentada en el caso LU2024CV00057 que tanto la escritura de cesión de inmueble como la escritura de terminación de fideicomiso son nulas por no seguir los propios

---

[2] Mediante moción presentada el 7 de septiembre de 2022, en el caso **FA2021CV00460,** Agustín Crespo Rivera solicitó enmienda a la Demanda para comparecer como codemandante. *Véase* Entrada Núm. 91 de SUMAC

[3] *Véase* página 197 del Apéndice del Recurso de Certiorari.

términos del fideicomiso ni las disposiciones de la Ley de Fideicomisos. De igual forma, los recurridos esbozaron en la Demanda presentada en el caso LU2024CV00057 que procedía que el foro primario decretara la nulidad de ambos instrumentos, y la reivindicación de la Finca Núm. 13,012 a favor del Fideicomiso CRCH Trust, del cual sostienen son los fideicomisarios.

Así las cosas, el 10 de mayo de 2024, los aquí peticionarios, **sin haber contestado la Demanda,** presentaron ante el foro primario, moción intitulada *Urgente Solicitud de Desestimación de Demanda Por falta de Jurisdicción de este Tribunal Por Cosa Juzgada* en el caso LU2024CV00057.[4] En esencia, los peticionarios alegaron en su *Urgente Solicitud de Desestimación* que el foro primario estaba impedido de atender las reclamaciones y controversias que surgen en la Demanda presentada en el caso LU2024CV00057, toda vez que estas constituyen cosa juzgada por lo siguiente: (a) La controversia sobre la validez de la destitución de Juan José Crespo Hill como fiduciario del fideicomiso CRCH Trust es cosa juzgada porque la validez del nombramiento de Agustín Crespo Rivera como nuevo fiduciario, fue presentada como parte del caso Civil Núm. FA2021CV00460, entre las mismas partes.; (b) La controversia sobre la titularidad de la finca objeto del pleito de autos es cosa juzgada porque fue presentada como parte de las controversias del caso Civil Núm. SJ2023CV09039, sobre Desahucio en Precario presentado en contra de Juan José Crespo Rivera por Ivonne Rivera Mujica y tras su fallecimiento, sustituída por Marianela Vidal Rivera, albacea testamentaria de la Sucesión de Ivonne Rivera Mujica.[5]

Mediante *Resolución* emitida y notificada el 8 de agosto de 2024, el foro primario declaró No Ha Lugar la *Urgente Solicitud de Desestimación de Demanda por Falta de Jurisdicción de este Tribunal Por Cosa Juzgada* presentada por los peticionarios y concluyó que las sentencias emitidas en

---

[4] *Véase* páginas 419- 576 del Apéndice del *Recurso de Certiorari.*
[5] Véase Demanda de **Desahucio en Precario** presentada en el caso **SJ2023CV09039,** páginas 507-509 del Apéndice del *Recurso de Certiorari. Véase, además, **Sentencia*** emitida el 22 de febrero de 2024, notificada el 27 de febrero, en el caso **SJ2023CV09039,** a las páginas 341-348 del Apéndice del *Recurso de Certiorari*.

los casos **FA2021CV00460** y **SJ2023CV09039** no constituyen cosa juzgada en el caso **LU2024CV00057**. El TPI hizo constar en la Resolución de 8 de agosto de 2024, que el caso FA2021CV00460 entre Ivonne Rivera Mujica (como Demandante) y Juan Crespo Ramos, Oriental Bank, Juan José Crespo Hill, Manuel Sarmiento, Carlos Ramírez (como Codemandados) que versaba sobre Vicio en el Consentimiento; Nulidad de la Escritura Núm. 56 de Compraventa, Nulidad del Testimonio Núm. 3114 de Acuerdo de Donación; Destitución de Fiduciarios; Retracto de la Finca 13,012, y Terminación del Fideicomiso culminó con una <u>sentencia por desistimiento,</u> por lo que concluyó el foro primario que no aplica cosa juzgada entre el caso FA2021CV00460 y el caso LU2024CV00057, objeto de la solicitud de desestimación de los peticionarios. De igual forma, el foro primario concluyó que en el caso SJ2023CV09039 no se adjudicó titularidad entre las partes por tratarse de un desahucio en precario, por lo que no existe identidad de partes, causas ni cosas con el caso LU2024CV00057.**[6]**

Además, en la Resolución recurrida de 8 de agosto de 2024, el foro primario concluyó que la destitución del Fiduciario Juan José Crespo Hill, así como la designación del sustituto, Agustín Crespo Rivera, tenían que hacerse mediante escritura pública. Por tal razón el TPI resolvió que la comparecencia de Agustín Crespo Rivera para otorgar las Escrituras Número 92 de Cesión de Inmueble y la Escritura Número 8 de Terminación de Fideicomiso no surtió efecto legal alguno pues este no era fiduciario, por lo que **declaró la nulidad de ambas escrituras**. Asimismo, en la Resolución recurrida, el TPI **concluyó que procedía la reivindicación del título del bien inmueble identificado como finca 13,012; y ordenó la cancelación del asiento de inscripción registral correspondiente** a la Escritura de Cesión que obra sobre la Finca 13,012 inscrita en el Registro de la Propiedad Sección 1 de Fajardo.

---

[6] En la *Sentencia* emitida, en el casoSJ2023CV09039 sobre Desahucio en Precario, el foro primario declaró Ha Lugar la solicitud de desestimación presentada por Juan José Crespo Rivera (demandado) y desestimó la Demanda de Desahucio en **Precario** presentada en su contra por Marianela Vidal Rivera, albacea testamentaria de la Sucesión de Ivonne Rivera Mujica**.**

Inconformes, los peticionarios recurren ante nos mediante el recurso de epígrafe presentado 16 de agosto de 2024, al que anejaron *Moción Urgente en Auxilio de Jurisdicción*. En el Recurso de *Certiorari* los peticionarios señalan la comisión de los siguientes errores por parte del foro primario:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y VIOLÓ CRASAMENTE EL DEBIDO PROCESO DE LEY DE LA PARTE PETICIONARIA AL RESOLVER PREMATURAMENTE LOS MÉRITOS DE LA CONTROVERSIA PRINCIPAL ANTE SU CONSIDERACIÓN Y CONCEDER VARIOS REMEDIOS FINALES Y PERMANENTES A DESTIEMPO MEDIANTE UNA RESOLUCIÓN INTERLOCUTORIA, A PESAR DE QUE SU ALCANCE SE DEBÍA LIMITAR NECESARIAMENTE A DISPONER DE LA MOCIÓN DE DESESTIMACIÓN ANTE SU CONSIDERACIÓN.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN Y CONCLUIR QUE LA DESTITUCIÓN DEL FIDUCIARIO JUAN CRESPO HILL Y LA DESIGNACIÓN SUBSIGUIENTE DE AGUSTÍN CRESPO RIVERA COMO FIDUCIARIO SUSTITUTO DEL FIDEICOMISO CRCH TRUST DEBÍAN HACERSE MEDIANTE ESCRITURA PÚBLICA, A PESAR DE QUE NI LA ESCRITURA DE FIDEICOMISO NI LA LEY DE FIDEICOMISOS NI LA NORMATIVA APLICABLE A ESTA FIGURA JURÍDICA ESTABLECEN TAL REQUERIMIENTO PARA UN FIDEICOMISO IRREVOCABLE INTERVIVOS (Y NO MODIFICABLE) COMO LO ERA CRCH TRUST.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN AL NO CONSIDERAR EL ALCANCE DE LA DOCTRINA DE COSA JUZGADA EN SU MODALIDAD DE IMPEDIMENTO COLATERAL POR SENTENCIA Y AL CONCLUIR-BASADO EN JURISPRUDENCIA REVOCADA POR EL TRIBUNAL SUPREMO QUE EL CASO CIVIL SJ2023CV0939 NO TIENE UN EFECTO DE COSA JUZGADA SOBRE LA CONTROVERSIA PLANTEADA EN ESTE CASO SOBRE LA TITULARIDAD DE LA FINCA 13,012.

El 20 de agosto de 2024, los recurridos presentaron ante nos *Oposición a Moción Urgente en Auxilio de Jurisdicción.* Mediante *Resolución* de 21 de agosto de 2024, declaramos *Ha Lugar* la *Moción Urgente en Auxilio de Jurisdicción* presentada por los peticionarios y concedimos término de diez (10) días a los recurridos para presentar su oposición al Recurso de *Certiorari.*

El 3 de septiembre de 2024 los recurridos presentaron *Oposición a Expedición de Auto de Certiorari.* En síntesis, los recurridos reconocen que el foro primario incidió porque no podía acoger la moción de desestimación de los peticionarios como una solicitud de sentencia sumaria toda vez que dicha moción no expuso materias que no hubiesen sido incluídas en la Demanda, por cuanto el TPI, de acuerdo al claro lenguaje de la Regla 10.2,

no podía tratar la moción como una moción de sentencia sumaria. De igual forma, sostienen que el foro primario incurrió en el segundo error señalado por los peticionarios, al adjudicar la controversia sustantiva sobre la forma de designación de fiduciario entre otras, cuando debió limitarse a resolver los méritos de la moción de desestimación relacionados a la defensa de cosa juzgada. Finalmente sostienen los recurridos, que no incidió el foro primario al determinar que la defensa de cosa juzgada no era aplicable en ninguna de sus vertientes al caso. Razonan los recurridos que en ninguna de las Sentencias emitidas por el foro primario en los casos con designación alfanumérica FA2021CV00460 y SJ2023CV09039 hubo adjudicación en los méritos y tampoco identidad de partes.

Examinados los escritos de las partes y sus respectivos anejos, estamos en posición de resolver.

**II.**

### A.    Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación

que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

**B.      *Moción de Desestimación, al Amparo de la Regla 10.2 de Procedimiento Civil***

En lo pertinente, nuestro ordenamiento procesal no exige requisitos complicados para la redacción de una demanda. *León Torres v. Rivera Lebrón*, 204 DPR 20, 40 (2020). A tales efectos, la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, dispone los elementos esenciales que debe contener unas alegaciones: Entre estos, una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y una solicitud del remedio a que crea tener

derecho. En cuanto a los remedios dispone, además, la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, que podrán ser solicitados remedios alternativos o de diversa naturaleza.

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación de la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1065 (2020), (citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001)). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio;** y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2. (Énfasis suplido).

En lo pertinente, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, permite la desestimación de una demanda bajo el fundamento de que no expone una reclamación que justifique la concesión de un remedio. En este contexto, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorables a la parte demandante. *López García v. López García*, 200 DPR 50, 69 (2018); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). En específico, **debe considerar ciertos todos los hechos bien alegados en la demanda que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas**. *Accurate Solutions v. Heritage Environmental*, 193 DPR 423, 433 (2015). (Énfasis nuestro). No obstante, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012). Ahora bien, no procede la

desestimación si la demanda es susceptible de ser enmendada. *Accurate Sols. v. Heritage Environmental*, *supra*, pág. 433*; Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 429 (2008).

Ante una moción de tal naturaleza, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano*, 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos*, supra, pág. 570. El tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

De manera seguida, la Regla 10.2 (5) citada dispone que si en solicitud de desestimación *en la cual se formula la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio, se exponen materias no contenidas en la alegación impugnada, y el tribunal no las excluye, la moción debe considerarse como una moción de sentencia sumaria*. Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, *Sánchez v. Aut. De Los Puertos*, 153 DPR 559, 570 (2001). **En tal sentido, la moción estará sujeta a todos los trámites ulteriores provistos en la Regla 36 de Procedimiento Civil**. *Íd.*

Por último, nuestro Tribunal Supremo ha definido la *materia que no forman parte de las alegaciones* que dan lugar a la conversión de la moción de desestimación a una de sentencia sumaria, ***cuando cualesquiera de las partes, el promovente o el promovido, someten materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones, y contestaciones a interrogatorios***. *Torres Capeles v. Rivera Alejandro*, 143 DPR 300 (1997).

### C.    *Cosa juzgada*

Una sentencia que adviene final y firme constituye cosa juzgada no solo en cuanto a todo lo que se alegó y se admitió en torno a la reclamación, sino también, en cuanto a todo asunto que pudo haberse planteado, siempre

y cuando haya tenido la parte la oportunidad justa de ser oída. *Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579 (2023) (citando a *Marrero Rosado v. Marrero Rosado*, 178 DPR 476 (2010)). De igual modo, como general, un acuerdo tiene el efecto de cosa juzgada entre las partes. *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022).

Ahora bien, la defensa de cosa juzgada no opera de manera automática. No debe aplicarse inflexiblemente, en particular, cuando al hacerlo se desvirtúan los fines de la justicia, produce resultados absurdos o cuando se plantean consideraciones de interés público. *Meléndez v. García*, 158 DPR 77 (2002). *Pagán Hernández v. U.P.R.*, 107 DPR 720 (1978). Su presunción se activa cuando concurre la perfecta identidad de causa, cosas, partes y calidad en que lo fueron en un pleito anterior. *Ortiz Matías v. Mora Development*, 187 DPR 649 (2013). En ese sentido, el requisito de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en torno a la cuestión planteada. *Presidential v. Transcaribe*, *supra.* Al determinar si media identidad de causa de acción es necesario evaluar si ambas reclamaciones surgen de la misma transacción o núcleo de hechos. *Íd.* En cuanto a cosa, se refiere al objeto o la materia sobre la cual se ejercita la acción, aunque haya disminuido o alterado. *Íd.* En este contexto, las partes significan quienes intervienen en el proceso, a nombre y en interés propio, y quienes resultarían directamente afectados por la excepción de la cosa juzgada. *Íd.*

En armonía con lo anterior, la referida doctrina abarca la modalidad de impedimento colateral. El Tribunal Supremo de Puerto Rico establece que el impedimento colateral por sentencia "surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final". *Bacardí Corporation v. Torres Arroyo*, 202 DPR 1014, 1025 (2019); *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 762 (1981). Esta vertiente no requiere el cumplimiento de identidad de causa. *Beníquez v. Vargas*, 184 DPR 210 (2012). No obstante, no procede su aplicación cuando: (1) la parte no ha tenido la oportunidad de litigar

previamente el asunto, o (2) pudiendo haber litigado el asunto en la primera acción, éste no fue litigado o adjudicado en el pleito anterior o (3) cuando ese litigante no ha resultado ser la parte perdidosa en el pleito anterior. *Íd.*

**III.**

Es la contención de los peticionarios en su primer señalamiento de error, que incidió el foro primario al resolver prematuramente los méritos de la controversia principal ante su consideración y conceder remedios finales y permanentes a destiempo mediante una resolución interlocutoria en la que adjudicó los remedios solicitados en la Demanda **cuando debió limitarse a disponer de la moción de desestimación** de la Demanda presentada por los recurridos en el caso **LU2024CV00057**. Sobre estos extremos, los peticionarios razonan en su segundo señalamiento de error que incidió también el foro primario al concluir que la destitución del fiduciario Juan Crespo Hilll y la designación subsiguiente de Agustín Crespo Rivera como fiduciario sustituto del Fideicomiso debían hacerse mediante escritura pública

Concluimos que erró el foro primario al declarar de manera prematura la nulidad de la Escritura Número 92 de Cesión de Inmueble y la Escritura Número 8 de Terminación de Fideicomiso en la Resolución recurrida, en la cual solo procedía adjudicar la Moción de Desestimación presentada por los peticionarios al amparo de la Regla 10.2, supra. Al declarar la nulidad de la Escritura Número 92 de Cesión de Inmueble y la Escritura Número 8 de Terminación de Fideicomiso en la Resolución recurrida y al ordenar la cancelación del asiento de inscripción registral correspondiente a la Escritura de Cesión que obra sobre la Finca 13,012 inscrita en el Registro de la Propiedad Sección 1 de Fajardo, el foro primario **adjudicó prematura y sumariamente** los reclamos de los recurridos en la Demanda presentada en el caso **LU2024CV00057,** sin que los peticionarios hubiesen presentado a ese momento la Contestación a la Demanda con sus respectivos anejos, lo cual incluye prueba documental pertinente a las alegaciones, así como defensas afirmativas.

Cabe acentuar en este punto las expresiones de nuestro Tribunal Supremo en *Torres Capeles v. Rivera Alejandro*, supra, en términos de que, *para considerar la conversión de una moción de desestimación a una de sentencia sumaria, a tenor con esta regla (Regla 10.2 de Procedimiento Civil), puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido,* **someten materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones, y contestaciones a interrogatorios**. (Énfasis provisto). No tenemos que elaborar mucho sobre el hecho de que, junto a su solicitud de desestimación, los peticionarios no incluyeron ninguna de la prueba documental descrita en la Opinión citada, que pusiera en posición al foro primario de determinar que en este caso procedía la conversión de dicha solicitud de desestimación a una de sentencia sumaria.

Estrechamente relacionado con lo anterior, es preciso destacar que también debe señalarse que la moción de desestimación ni siquiera se acerca a contener la información mínima que conforma una petición de sentencia sumaria. Allí no se incluyó, entre otros asuntos, *una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal.* Ver, Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

Ante ese cuadro, incidió el TPI al adjudicar sumariamente las alegaciones de la Demanda de los recurridos como si tuviera ante su consideración una moción de sentencia sumaria por cuanto no concurren las circunstancias que la Regla 10.2 de Procedimiento Civil, *supra*, ni su jurisprudencia interpretativa, disponen para que se justifique.

Con estos antecedentes es forzoso concluir que sobre estos extremos incidió el foro primario toda vez que dicha adjudicación sumaria no procedía en la etapa procesal en la que se encontraba el caso LU2024CV00057.

Finalmente, como tercer señalamiento de error los peticionarios sostienen que incidió el TPI al denegar su solicitud de desestimación fundamentada en la aplicación de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia y al concluir que la sentencia emitida en el caso civil SJ2023CV0939 sobre desahucio en precario no tiene un efecto de cosa juzgada sobre la controversia planteada el caso sobre la titularidad de la finca 13,012

Es preciso destacar, que no incidió el foro primario al denegar la solicitud de desestimación de la Demanda ni al concluir que esta no constituye cosa juzgada. Como bien concluye el TPI en la Resolución recurrida, en el pleito de desahucio en precario, cuya sentencia emitida en el caso SJ2023CV09039 los peticionarios alegaron que constituía cosa juzgada, no se adjudicó titularidad por lo que no existe identidad de, causas ni cosas con el caso LU2024CV00057. En el caso SJ2023CV09039 el TPI emitió sentencia en un caso sobre desahucio en precario en contra de Ivonne Rivera Mujica y Juan José Rivera Crespo por lo que es correcta la conclusión dl TPI de que tampoco existe identidad de partes con el caso LU2024CV00057.

En lo pertinente al caso con designación alfanumérica FA2021CV00460 instado por Ivonne Rivera Mujica (Demandante) en contra de Juan Crespo Ramos, Oriental Bank, Juan José Crespo Hill, Manuel Sarmiento, Carlos Ramírez (Codemandados), este versaba sobre Vicio en el Consentimiento; Nulidad de la Escritura Núm. 56 de Compraventa, Nulidad del Testimonio Núm. 3114 de Acuerdo de Donación; Destitución de Fiduciarios; Retracto de la Finca 13,012, y Terminación del Fideicomiso. El caso LU2024CV00057, sobre el cual los peticionarios solicitaron la desestimación es un pleito sobre Nulidad de Destitución; Nombramiento y Aceptación de Fiduciario, Nulidad de Escrituras 92 y 8 de Cesión de

Inmueble y Terminación de Fideicomiso CRCH entre Juan José Crespo Rivera, Juan José Crespo Hill y CRCH Trust (Demandantes) y Agustín Crespo Rivera, José Crespo Rivera, Ramón Bordelies y Maricelle Hernández, entre otros. Además, en el caso **FA2021CV00460** se emitió sentencia por desistimiento en la que el foro primario nunca adjudicó en los méritos las controversias allí planteadas (por lo que no aplica cosa juzgada entre este y el caso LU2024CV00057.

Es preciso destacar que en el caso ante nos no estamos pues ante una acción para recuperar la mera posesión de hecho sino en un reclamo en el que ha surgido una controversia sobre titularidad.  No habiendo identidad de causas entre el primer caso de desahucio sumario, (**SJ2023CV09039**) ni sobre el caso **FA2021CV00460 en** el cual hubo un desistimiento con perjuicio y el que nos ocupa (**LU2024CV00057)**, en el que los recurridos plantean en la demanda una controversia sobre titularidad y reivindicación del inmueble, (Finca Núm. 13,012), entre otras controversias sobre nulidad de escritura de remoción y nombramiento de fiduciario y de cesión de inmueble, no aplica la doctrina de cosa juzgada. Asimismo, la Sentencia por desistimiento con perjuicio en el caso **FA2021CV00460** no constituyó una adjudicación en los méritos sobre el asunto de la titularidad de inmueble ni sobre nulidad de escritura de remoción y nombramiento de fiduciario planteada por los recurridos en la Demanda **el caso LU2024CV00057,** el cual es objeto de la moción de desestimación Del caso ante nuestra consideración.

La doctrina vigente ha rechazado la aplicación automática de la doctrina de cosa juzgada por lo que concluimos no incidió el TPI al denegar la solicitud de desestimación presentada por los peticionarios fundamentada en la doctrina de cosa juzgada.

Si bien no incidió el TPI al concluir que no procede la desestimación de la demanda presentada por los recurridos en el caso LU2024CV00057 por no constituir cosa juzgada**,** incidió el foro primario al extender alcance de la Resolución recurrida a la concesión de remedios finales de forma sumaria,

correspondientes a la declaración de nulidad de las escrituras de cesión y terminación del fideicomiso y a la reivindicación de la titularidad de la finca Núm. 13,012 conjuntamente con la orden de cancelación de los asientos de inscripción en el Registro de la Propiedad.

Reiteramos que únicamente sobre estos extremos de la Resolución recurrida incidió el foro primario en la aplicación de las normas procesales sobre adjudicación sumaria de una Demanda, por lo que procede expedir el auto de certiorari y revocar dichas determinaciones hechas a destiempo para evitar un fracaso de la justicia.

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, expedimos el auto de *certiorari* y **confirmamos aquellos extremos de la Resolución recurrida que deniegan a los peticionarios la solicitud de desestimación de la Demanda presentada en el caso LU2024CV00057**, por no constituir cosa juzgada. **Revocamos los demás extremos de la Resolución recurrida correspondientes a la declaración de nulidad de las escrituras de cesión de inmueble y terminación del fideicomiso (Escritura Número 92 de Cesión de Inmueble y Escritura Número 8 de Terminación de Fideicomiso) y a la Reivindicación de la titularidad de la Finca Núm. 13,012, así como la orden de cancelación de los asientos de inscripción en el Registro de la Propiedad emitida por el foro primario**. Se deja sin efecto la paralización y ordenamos la continuación de los procedimientos ante el foro primario conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones